SAMUEL, Judge.
Plaintiff, Frischhertz Electric Company, Inc., filed suit against Tom Cvitanovich, d/b/a T. Cvitanovich Seafood, and its automobile liability insurer, State Farm Mutual Automobile Insurance Company,[1] seeking to recover damages arising out of a collision between a truck driven by Cvitanovich’s employee and a “stinger” or “bayonet” protruding from the joint of a boom of an aerial bucket unit owned and operated by plaintiffs employees. Defendants answered, denying negligence on their part, alleging the accident was caused solely by the negligence of plaintiff’s employees and, alternatively, alleging contributory negligence.
After a trial on the merits, judgment was rendered in favor of plaintiff and against defendants for $8,033.49. From this judgment defendants appeal.
The collision occurred on October 4, 1973 in New Orleans on South Claiborne Avenue at a perpendicular crossover between the inbound and outbound lanes of South Claiborne. At the point of the accident two roadways of South Claiborne run parallel with Interstate Highway 10, which is elevated over the neutral ground portion of South Claiborne between its two roadways. Defendants’ driver was operating a seafood delivery truck in the neutral ground lane headed in an easterly direction towards Tulane Avenue.
The Frischhertz employees had just stopped the truck in the crossover in anticipation of installing a conduit for electrical wiring under the elevated portion of Interstate 10. Plaintiff’s truck was equipped with a Skyworker unit, consisting of an hydraulic boom and bucket device used to raise men and equipment to elevated working areas. At the time of the collision the boom was folded down on top of the truck, so that the elbow or joint where the two sections of the boom met was extended directly behind the truck and the bucket end of the boom was at its front. The stringer at the elbow of the boom extended 6 to 8 feet beyond the rear of the truck approximately 11 feet off the ground. It was painted yellow and was between 1 and 2 feet long and 2 to 3 inches in diameter. At the time of the collision, plaintiff’s vehicle had been parked with the stinger extending into the inbound lane of South Claiborne for only a few minutes in anticipation of beginning work. Evidence shows the only warning signs or signals deployed at the time of the collision was a sawhorse barricade under the boom at the rear of the truck, parallel to its back bumper facing traffic entering the crossover. Plaintiff’s employees had not yet set out other barricades or warning cones in the street and a light on top of the truck was not in use. While there were signs in the area indicating construction work was being done, no *1325 signs were deployed in the immediate area of plaintiff’s vehicle. The evidence is clear that no flags or other warning devices were used on the boom or near the stinger which protruded from it.
Defendant’s seafood truck was traveling in the left lane of South Claiborne, and the top part of its plywood body struck the tip of the stinger which protruded from plaintiff’s vehicle into that lane of traffic. The truck had a plywood body, which extended approximately 5 feet above the head of the driver.
Defendant relies on R.S. 32:313, a portion of the Highway Regulatory Act as authority for plaintiff’s negligence. This statute provides:
“Whenever the load upon any vehicle extends to the rear four feet or more beyond the bed or body of such vehicle there shall be displayed at the extreme rear end of the load, at the time specified in R.S. 32:301, a red light or lantern plainly visible from a distance of at least 500 feet to the sides and rear. The red light or lantern required under this Section shall be in addition to the red rear light required upon every vehicle. At any other time there shall be displayed at the extreme rear end of such load a red flag or cloth not less than 12 inches square and so hung that the entire area is visible to the driver of a vehicle approaching from the rear.”[2] (Emphasis ours).
In conjunction with this statute, defendant cites Pierre v. Allstate Insurance Company[3] and Dixie Drive It Yourself System v. American Beverage Company[4] as authority for the proposition that the statute in question was designed not only to avoid the possibility that a prudent driver might run into a parked vehicle but also to afford protection from confused or inattentive drivers colliding with stationary vehicles on the highway. Defendant argues that since the statute was designed to protect against the risk involved in this case, its violation is negligence per se and a proximate cause of the accident.
In response, plaintiff argues that by R.S. 32:23 the Highway Regulatory Act does not apply to plaintiff’s truck because it was engaged in work on a highway and the municipal ordinance relied upon was not properly introduced into evidence and prevented the court from taking judicial notice thereof.
Pretermitting the argument on the municipal ordinance, R.S. 32:23 provides that the act does not apply to motor vehicles or other equipment while actually engaged in work upon the highway, but it also provides that the act does in fact apply to motor vehicles and other equipment while traveling to and from such work. It is obvious that all of the provisions of the Highway Regulatory Act cannot be complied with when a vehicle is in a roadway and engaged in its repair. However, the evidence shows plaintiff’s truck had just stopped at the site of the accident and had neither begun work nor actually positioned itself in such a position that work conceivably could have begun. In effect, we hold the vehicle was still in the process of “traveling to”- work when the accident occurred, and the provisions of R.S. 32:313 are applicable to plaintiff’s vehicle.
In addition, aside from any argument based upon negligence per se resulting from violation of the statute, plaintiff’s employees did not comply with duties imposed upon the prudent person under the circumstances. None of the plaintiff employees got out of the truck to flag traffic around the protruding boom or to check the location of the stinger. Moreover, even though the entire width of the crossover under the I — 10 overpass was available for parking, no one got out of the truck to be sure the position in which the truck was parked did not create an obstruction for oncoming traffic. The size of the stinger, as opposed to the boom to which it was connected, and *1326 its relative height over the ground should have caused plaintiff’s employees to anticipate that a traveler on South Claiborne would not see the relatively insignificant stinger and strike it with a truck or other elevated vehicle.
For the reasons assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendants, Tom Cvitanovich, d/b/a T. Cvitanovich Sea-foods, and State Farm Mutual Automobile Insurance Company, and against plaintiff, Frischhertz Electric Company, Inc., dismissing plaintiff’s suit at its cost in both courts.

REVERSED.

LEMMON, J., concurs and assigns reasons.

. Also made defendant was Cvitanovich’s employee-driver, Ronald Mills. He was dismissed from the suit as an unemancipated minor.

.Plaintiff also relies upon Section 38-129(a) of the New Orleans Municipal Code.

.257 La. 471, 242 So.2d 821.

.242 La. 471, 137 So.2d 298.