LEMMON, Judge.
' Plaintiff has appealed from a judgment dismissing his tort suit after a trial on the merits. At issue is the liability of Mrs. Isabel Perez, the driver of a school bus which struck a telephone wire hanging across a residential street and knocked plaintiff, a telephone repairman, from the ladder on which he was working.
The accident occurred in the late afternoon of a clear, dry day. Plaintiff was attempting to repair a telephone wire which extended from a permanent telephone pole across Ames Boulevard to a temporary pole and then to a house, where it had become partially disconnected. He parked his service truck partially on the street and partially on the narrow shoulder, leaving the brake light flashing, but making no other attempt to block the street or to warn oncoming traffic of overhead activity. Since there was not enough slack to reconnect the wire to the house, he placed his ladder against the strand next to the telephone pole and climbed the ladder for the purpose of disconnecting the wire from the pole.
In the meantime Mrs. Perez had turned her school bus onto Ames Boulevard, with plaintiff’s truck on her right about one block away. There was no other traffic moving in either direction, but plaintiff’s ladder was partially obstructed by the truck, and Mrs. Perez did not see plaintiff, the ladder or the wire until she drove around the truck, whereupon she saw plaintiff on top of the ladder and then saw the wire draping down above her near the top of the bus. She had insufficient time to stop the bus before striking the wire.
Plaintiff stated that safety regulations required wires to have an 18-foot clearance over roadways and that this wire was 15 to 18 feet above the ground. However, this estimate was clearly wrong because the 12-foot high bus struck the wire which plaintiff disclaims having moved before the accident.[1]
Plaintiff contends that since Mrs. Perez had an unobstructed view of the wire for an entire block, she had the duty to see what she should have seen and was negligent in failing to see the wire and to avoid striking it. However, this record provides no basis for imposing a duty on Mrs. Perez to have seen the wire. An overhead wire cannot reasonably be characterized as an obvious obstruction, and the only precaution utilized by plaintiff to warn motorists of the barely perceptible wire was his leaving the truck’s brake lights flashing.[2] These flashing lights, however, simply indicated to oncom *662 ing motorists that the truck was stopped partially on the roadway, and motorists could otherwise reasonably assume the roadway was free from substantially hidden hazards.
The trial court properly found plaintiff failed to prove any breach of duty by Mrs. Perez which caused his injury.

AFFIRMED.

. In a written statement submitted to his employer plaintiff stated he had cleared the wire off the road to allow backed-up traffic to pass before climbing the ladder.

. See Frischhertz Elec. v. State Farm Mut. Auto. Ins. Co., 357 So.2d 1323 (La.App. 4th Cir. 1978), in which the owner of a truck with a hydraulic boom that had a two-inch diameter “stinger” extending from the boom and over the roadway, approximately 11 feet above the ground, was denied recovery for damage to the “stinger”, which was struck by a large truck, on the basis that the truck driver had no duty to see the relatively inconspicuous “stinger” extending above the roadway without warning devices.